W. CHAMBERLAIN v. C. C. WOLF, Appellant.

**Sale and Exchange:**    FAILURE TO DELIVER: *Remedies of buyer.* Where a vendor, in part payment of realty, agrees to receive certain personalty, which, on demand, his vendee refuses to deliver, his remedy is a recovery of the possession of the personalty by replevin, or an action for its value, and not an action to recover the purchase price of the land.

*Appeal from Butler District Court.*—HON. J. C. SHERWIN, Judge.

MONDAY, OCTOBER 15, 1900.

AN action by the defendant against the plaintiff having been consolidated with this, the pleadings are somewhat lengthy and complicated, though the issues are but few. The plaintiff states as his cause of action, in substance, as follows: That about the 21st day of July, 1892, he and defendant entered into an agreement, partly in parol and

partly in writing, whereby, for the consideration of $3,300, plaintiff sold to the defendant a certain quarter section of land in Merrick county, Neb. That said consideration was to be paid as follows: Defendant was to assume and pay a mortgage on the land for $1,300; plaintiff to pay the interest thereon to the first day of March, 1893, and to pay the taxes on the land for 1892. That the remaining $2,000 were to be paid by the transfer and delivery to the plaintiff of two standard-bred mares, described, which the defendant was to keep and retain until the colts which they then had were weaned in the fall of 1892. Defendant was to breed said mares to certain stallions, to pay the service fees, and when the colts were weaned, in the fall of 1892, "to deliver said mares to the plaintiff free on board the cars at Parkersburg, Iowa." Plaintiff alleges full performance of said agreement on his part, and that the defendant received and recorded the deed which plaintiff caused to be executed and delivered to him for said land, and became the owner and possessor thereof. Plaintiff alleges that after said colts were weaned , and after said mares were or should have been bred, as agreed, to-wit, November 8, 1892, he made a formal demand on the defendant for the delivery of said mares to him in payment of said remaining $2,000 of the purchase price of said land, and that the defendant then and ever since refused to deliver said mares, or either of them, wherefore plaintiff says there is now due to him from the defendant on account of the purchase price of said land the sum of $2,000, with interest from November 8, 1892, which he asks to recover. The defendant answered, admitting that the plaintiff had a right to sell said land; that he caused the same to be conveyed to the defendant; that defendant accepted the deed subject to said mortgage, which he was to pay; that plaintiff was to pay the interest and taxes as alleged; and that defendant agreed to exchange said mares for said land, and was to cause them to be bred, as alleged. He admits that he became the abso-

lute owner of said land, and now retains the same. He denies every other allegation in the petition. Further answering, the defendant says that on receipt of said deed, and a guaranty in writing from the plaintiff that he was the owner of, and had power to dispose of, said land, "he turned over to plaintiff said mares described in plaintiff's petition, and being in full payment for said land"; that he agreed to keep the mares for plaintiff until said colts were weaned, unless plaintiff should order them sooner shipped to him; that thereupon plaintiff became the absolute and unqualified owner of said mares, and took them in full payment for the land. Defendant alleges that plaintiff failed to pay said interest and taxes, and has at no time demanded said mares, or ordered them shipped to him. Defendant contends that by reason of the facts "plaintiff is now estopped from claiming or recovering in a law action for the consideration or purchase price of said land in money; his cause of action, if any, being for the recovery of said mares, or for their conversion.". The defendant, in four counts, sets up cross demands in substance as follows: In the first he alleges that plaintiff falsely and fraudulently represented that the right of way of the Union Pacific Railway Company across said land took only 6 or 7 acres, and that he so warranted and guaranteed, when in fact it takes 32 acres. In the second count he alleges that plaintiff in so representing was mistaken, and in each of these counts he asks to recover $625 on account of the shortage in the land. In the third count he alleges that under the contract he was to keep the mares at his own expense until the colts were weaned or they were demanded by plaintiff, and on or about October 9, 1892, before the colts were weaned, he discovered that the statements made as to the amount of land taken by the right of way were false and fraudulent; that on the first day of November, 1892, and without making any demand for the mares, an action was brought for the benefit of the plaintiff against this defend-

ant in the district court of Merrick county, Neb., for the purpose of setting aside said deed; that said suit was pending until about the first of December, 1893, at which time an adjudication was reached, quieting the title of said land in defendant; that during said period defendant has kept said mares in a proper manner, which care was reasonably worth $630, no part of which has been paid, and which he asks to recover. In the fourth count he alleges that he caused said mares to be bred as agreed, and that he paid the service fees thereof, being $300, which he asks to recover, and in conclusion asks to recover $1,555 on his counterclaims and cross demands, with costs. Plaintiff's reply to defendant's counterclaims and cross demands is in effect a general denial of the several grounds upon which the same are based. Upon trial had, the jury returned a verdict as follows: "We, the jury, find for the plaintiff in the sum of ($2,000) two thousand dollars, at six per cent. from demand of mares up to the present time." Defendant's motion for a new trial was overruled, and the court, upon its own motion, and against the objections of the defendant, made computation of the interest as amounting to $493.33, and entered judgment on the verdict against the defendant in the sum of $2,493.33, with interest from that date, to all of which the defendant excepted, and from which judgment he appeals.—*Reversed.*

*Courtright & Arbuckle* for appellant.

*Mullan & Pickett* for appellee.

GIVEN, J.—I. Defendant's first contention is that the agreement was for an exchange of properties, that it was fully executed, and that by the transaction title to the mares passed to the plaintiff, and title to the land to the defendant. If this is true, clearly the plaintiff cannot maintain this action, as in that case the land is fully paid for, whether we call the transaction a sale or exchange. Plaintiff claims

that it is not an executed agreement, but that it remained for the defendant, in executing it, to deliver the mares on demand, after the colts were weaned, and that, delivery being refused on demand, he has a right to recover as claimed. The issues joined by the answer to the petition are whether the agreement was that title to the mares should pass to the plaintiff at once, or whether it was to pass upon delivery on demand, and whether demand was made. Upon these issues the court instructed as follows: "If you find from the evidence that at the time of delivery of the deed to the defendant the parties had reached a full agreement as to the terms of the exchange, and the mares had been identified, and nothing remained to be done but to deliver them to the plaintiff, and you further find from the evidence that the parties understood and intended the title and right to the possession to pass without actual delivery of the mares to the plaintiff, then the sale was complete, and the title of the mares passed to the plaintiff, and he cannot recover in this action, and you should so find. If, on the other hand, you fail to find that it was the intention and understanding of both parties at the time that the title should pass before actual delivery of the mares to the plaintiff, then the plaintiff will be entitled to recover in this action, provided you find that before commencing this action he demanded of the defendant the mares in question." Defendant's counsel insist that there is no evidence to sustain plaintiff's claim that the contract was executory, and that the title to the mares did not pass, because there was no delivery. We will not extend this opinion by discussing the evidence as to what the contract was. It is sufficient to say that we think there was evidence to justify the submission of these questions to the jury. Concede that, under the evidence, the jury should have failed to find that it was the agreement of the parties that title to the mares should pass before actual delivery, and that demand had been made, and that the defendant refused to deliver them; still

we have the inquiry whether in this action the plaintiff will be entitled to recover. The plaintiff's petition contains the following: "And plaintiff avers that the sum of $2,000, as a part of the purchase price of the land aforesaid, which, under the provisions of said contract, was to have been paid in property, by delivering the mares aforesaid to the plaintiff, became at the time of such demand by the plaintiff and refusal by the defendant, and now is, a money demand existing in favor of the plaintiff against the defendant, no part of which has been paid." He asks judgment for $2,000 and interest. The petition throughout shows that the claim of the plaintiff is for the recovery of $2,000 and interest, as unpaid purchase price of the land. Plaintiff was to take the mares in part payment for the land, and if, upon demand, the defendant wrongfully refused to deliver the mares, the plaintiff's loss has been the mares, or their value; and his remedy was for the recovery of the possession of the mares by replevin, or an action for their value. This being true, we think the court erred in instructing the jury that in any event the plaintiff could recover in this action on account of the purchase price of the land.

II.   It will be observed that the verdict is in favor of the plaintiff in the sum of $2,000, "with interest at six per cent. from demand of mares up to present time," and that in rendering judgment the court computed the interest at $493.33; and of this the appellant complains. As for the reason already stated the judgment must be reversed, and as this contention will not arise on a retrial, we do not further consider it. Our conclusion is that, for the reasons stated, the judgment of the district court must be REVERSED.

GRANGER, C. J., not sitting.

SHERWIN, J., taking no part.